IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-227-BO

| | |
|---|---|
| JOY'E POPE )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>*Acting Commissioner of Social Security*, )<br>)<br>      Defendant. ) | O R D E R |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 24, 2018 at Elizabeth City, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g), 1383(c) for review of the final decision of the Commissioner denying his claim for supplemental security income ("SSI") pursuant to Title XVI and disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. Plaintiff alleged disability began on December 27, 1995. Plaintiff protectively filed his application for SSI and for child insurance benefits based on disability on March 18, 2015. After initial denials, a hearing was held before an Administrative Law Judge (ALJ), who issued an unfavorable ruling on January 25, 2017. This decision became the final decision when the Appeals Council denied plaintiff's subsequent request for review. Plaintiff then timely sought review of the Acting Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

Here, the ALJ determined at step one that claimant had never engaged in substantial gainful activity and was alleging disability before reaching age 22. At step two, claimant was found to have two severe impairments: osteogenesis imperfecta and traumatic brain injury. The claimant was not found to meet a listing at step three, and at step four the ALJ determined he had a light RFC with some limitations. As claimant had no past relevant work, the ALJ proceeded to step five, finding that he was not disabled because he could perform the jobs of cashier, cafeteria attendant and marker.

The ALJ's conclusions is unsupported by substantial evidence. Specifically, the ALJ failed to account for plaintiff's chronic pain. Pain can be disabling, and an ALJ must evaluate the effect of pain on a claimant's ability to work. *Myers v. Califano*, 611 F.2d 980, 983 (4th Cir. 1980). Pain and capacity to work are "not separate assessments to be compared with each other.

3

*Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015). Instead, a claimant's pain level must be part of an ALJ's RFC determination. An ALJ need not accept subjective evidence when it is inconsistent with other evidence. *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006). But evidence of lack of muscular weakness is not the same as evidence of lack of pain. When the record objectively indicates plaintiff's reports of pain are credible, a finding of strength would not invalidate that. *See Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996).

Similarly, an ALJ is not obligated to adopt a treating physician's opinion. 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). A treating physician's opinion does merit controlling weight when it is well supported and is not inconsistent with the other substantial evidence in the record. *Id.*

Here, the ALJ erred when she found that plaintiff's reports of disabling pain were not credible, and when she discounted the opinion of his treating physician. Plaintiff's osteogenesis imperfecta, known colloquially as brittle bone disease, caused bone weakness, deformities and fractures throughout his childhood. The continued bone pain documented on the record is a known and established symptom of that disease. According to his treating physician, it is his pain, not weakness or limited range of motion, that limits his ability to walk, stand and sit such that he cannot work.

The ALJ made her credibility findings and weighed the testimony of the treating physician by misapprehending the relationship between bone pain and muscle strength. The two are anatomically distinct; muscle strength does not invalidate a report of bone pain. Accordingly, the Court finds that the ALJ failed to give claimant's treating physician proper weight and failed to account for claimant's pain in the RFC.

"If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). The ALJ's failure to consider claimant's pain is not harmless error and the matter should be remanded in order to determine whether claimant's pain means he is disabled under the Act.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 19] is GRANTED and defendant's motion for judgment on the pleadings [DE 22] is DENIED. The decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this _8_ day of June, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE